UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  NUHN INDUSTRIES LTD.,

      Plaintiff,

v.

BAZOOKA FARMSTAR, L.L.C.,

      Defendant.
_____/

Case No. 2:25-mc-50859

District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

### ORDER GRANTING MOTION TO QUASH SUBPOENA TO HARNESS, DICKEY & PIERCE, P.L.C. (ECF No. 1)

Harness, Dickey & Pierce, P.L.C. (Harness) is one of two law firms representing Nuhn Industries, LTD. in its out-of-district lawsuit against Bazooka Farmstar, L.L.C. for patent infringement.  *See* Case No. 3:22-cv-00015-SMR-HCA (S.D. Iowa) (ECF No. 36, therein).

Currently before the Court is non-party Harness's June 16, 2026 motion (ECF No. 1) to quash Defendant Bazooka Farmstar, L.L.C.'s subpoena to Harness (*see* ECF No. 1-25), which lists 11 document requests and enumerates 11 deposition topics.  Bazooka Farmstar has filed a response (ECF No. 6), Harness has filed a reply (ECF No. 11), and Harness has filed a statement of resolved and unresolved issues (ECF No. 13).  Judge Edmunds has referred Harness's motion to me for hearing and determination.  (ECF No. 2.)  The Court held an in person

1

hearing on July 30, 2025 (ECF No. 3), and, on that day, Attorneys Jason D. Killips and Joseph Dubis appeared for Bazooka Farmstar and Attorney Glenn E. Forbis appeared for Harness.

The subpoena that Harness moves to quash seeks documents and testimony from Harness, *Defendant's opposing trial counsel in this litigation*.  As Defendant acknowledges and substantially quotes at the outset of its brief, in its "Controlling Authority" section: "Discovery from an opposing counsel is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986) (citation omitted)).  (ECF No. 6, PageID.538.).  As explained at length from the bench, the Court finds that these conditions for obtaining discovery from Harness have not been met.  For all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, non-party Harness's motion to quash the subpoena (ECF No. 1), as modified by Defendant's agreement to delete or withdraw certain topics (ECF No. 6, PageID.542; ECF No. 13, PageID.872-873), is **GRANTED**.

**IT IS SO ORDERED.**[1]

Dated: July 31, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).